# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| SHANNON SCHENCK,<br>for herself and others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>B. E. SCHENCK & ASSOCS., LLC and<br><br>BRUCE E. SCHENCK,<br><br>    Defendants. | Case No. 3:16-CV-0179<br><br>Judge<br><br>Magistrate<br><br>COLLECTIVE ACTION COMPLAINT FOR UNPAID OVERTIME WAGES, UNPAID MINIMUM WAGES, UNPAID FRINGE BENEFITS AND UNLAWFUL KICKBACKS. |

The Plaintiff, Shannon Schenck, for herself and for others similarly situated, makes the following allegations of fact:

## PARTIES

1. The plaintiff, Shannon Schenck ("Shannon"), is a resident of Ohio and is over eighteen years of age. At all times relevant to the allegations in this Complaint, she was an employee as defined under the federal Fair Labor Standards Act 29 U.S.C. §201, at §203(e)(1). "the Act."

2. The defendants employed Shannon as a real estate appraisal associate and then as a real estate appraiser, as defined by Ohio law, for at least 3 years before she was discharged from employment, on January 16, 2016.

3. Defendant B. E. Schenck and Associates, LLC "BESA" is an Ohio limited liability company, with its principal place of business in Vandalia, Montgomery County, Ohio. It was and continues to be an "employer" as defined by 29 USC §203(d).

4. The defendant Bruce E. Schenck (Mr. Schenck) is an individual and the controlling shareholder of BESA. He made all employee scheduling, pay rate, commission calculation, commission deduction, vacation approvals, and employee classification decisions for BESA while Shannon was employed. Mr. Schenck is an "employer" as defined by 29 USC §203(d).

5. The Similarly Situated Parties (SSPs) are those people who worked for BESA or Mr. Schenck during any period within the three years preceding the filing date of this complaint who were suffered or permitted to work while employed by the defendants to perform the duties of a real estate appraiser associate or real estate appraiser.

6. All of the SSPs were "employees" who were suffered or permitted to perform work for the defendants for some period during the three years preceding the filing date of this complaint.

7. Shannon and the SSPs bring their claims for willful unpaid overtime, 29 USC §207, within three years of the accrual of the cause of action pursuant to 29 U.S.C § 255a.

8. Shannon and the SSPs claim the three-year statute of limitations under 29 U.S.C. § 255a because BESA and Mr. Schenck knowingly and willfully violated the overtime and "free and clear" wage payments required by the Fair Labor Standards Act.

9. All the Plaintiffs bring their second cause of action for BESA's and Mr. Schenck's willful violations of Ohio Revised Code Section 4111.03.

10. In addition Shannon brings her own claims for the defendants' failure to pay minimum wage as required by 29 USC §206 and ORC §4111.02; and for failure to pay wages and fringe benefits when due under ORC §4113.15.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over the subject matter of these claims because the defendants' actions that gave rise to the claims occurred in Montgomery County, Ohio. Pursuant to 29 U.S.C. § 216(b), an action to recover damages under the Act may be maintained against any employer in any Federal or State court of competent jurisdiction. Venue in this court is authorized by S.D. LR 82.1(b).

12. This Court has jurisdiction over the Ohio statutory and common law claims presented in the additional claims for relief because their operative facts arise from the same case or controversy as the Plaintiffs' first claim for relief under the federal FLSA.

## FACT ALLEGATIONS IN SUPPORT OF CLAIMS

13. The Plaintiffs incorporate Complaint paragraphs 1-12 by reference.

14. Upon information and belief and at all times relevant to the allegations in this Complaint, Mr. Schenck was the president of BESA, and Mr. Schenck acted in his capacity as president at 605 Helke Road, Vandalia, OH 45377.

15. BESA has gross revenue in excess of $500,000 per annum and is an enterprise engaged in commerce, as such terms are defined in the Act.

16. BESA and Mr. Schnenck's business is engaged in interstate commerce when using the telephone and the internet, and by purchasing and selling services and supplies across state lines.

17. BESA and Mr. Schenck provided and continue to provide independent real estate appraisal services to individuals and businesses.

18. BESA and Mr. Schenck employed Shannon and the SSPs as associate real estate appraisers, or real estate appraisers, for some period between March 18 2013, and the filing date of this Complaint.

19. As an associate appraiser, Shannon's primary duties while employed by the defendants were to assist appraisers to investigate and value real property with supervision, or to do so themselves, with supervision.

20. The SSPs that BESA and Mr. Schenck employed as real estate appraisers investigated and valued real property generally without supervision.

21. Shannon and the SSPs typically spoke with customers and other contacts over the phone or by email. Mr. Schenck assigned projects to the associate appraisers and appraisers and they did the work. Customers paid BESA and Mr. Schenck. BESA and Mr. Schenck then paid commission based wages to Shannon and the SSPs.

22. Neither BESA nor Mr. Schenck required Shannon or the SSPs to have any formal education or advanced degrees in order to perform their duties as associate appraisers or appraisers.

23. Shannon and the SSPs applied various employer-provided formulae to determine the value of any parcel of real estate they were appraising. Their valuations were based on publicly available data and data supplied by the real estate owners, utilities, taxing authorities and others.

24. Shannon and the SSPs did their appraisal work only for BESA and Mr. Schenck. BESA was the primary source of income for Shannon and the SSPs.

25. Neither Shannon nor the SSPs held themselves out as private appraisers who would do the same appraisal work for others that they did for BESA and Mr. Schenck.

26. All the appraisals performed by Shannon and the SSPs were for the financial benefit of BESA and Mr. Schenck.

27. Neither Shannon nor the SSPs owned or used any of their own proprietary software. The computers and software located at the BESA offices, used for appraisal work, belonged to BESA. The paper on which appraisals were printed was provided by BESA. Their business cards showed that Shannon and the SSPs were appraisers for BESA.

28. Shannon and the SSPs regularly worked more than 40 hours in their seven day workweeks, but BESA and Mr. Schenck did not keep record of their daily or weekly hours worked, or their rates of pay.

29. BESA and Mr. Schenck did not pay Shannon or the SSPs one and one half times their regular hourly rate for those weekly hours they worked in excess of forty.

30. Shannon and the SSP's were entitled to overtime pay as provided by §207 of the Act for all the weekly hours they worked in excess of forty.

31. BESA and Mr. Schenck took an unlawful kickback out of each commission paid to Shannon and the SSPs and this kickback was called "rent." The amount taken is shown on the check vouchers BESA gave to Shannon and the SSPs.

32. BESA and Mr. Schenck refused to pay Shannon at all for the last four appraisals she completed before being discharged on January 18, 2016. The commissions due to Shannon for those appraisals are $2,300.00 and they were due in January of 2016.

33. Shannon went entirely unpaid for approximately 75 hours of work between the end of December 2015 and January 18, 2016.

34. Shannon has repeatedly demanded payment of the unpaid commission wages referred to in paragraph 33 above, and BESA and Mr. Schenck have willfully refused to pay them over.

35. Neither BESA nor Mr. Schenck have a justification or defense for failing to pay Shannon the commission wages she earned in January of 2016.

36. BESA and Mr. Schenck knowingly and willfully failed to pay, or denied responsibility to pay, commissions or minimum wages due to Shannon; and they knowingly and willfully failed to pay overtime to both Shannon and the SSPs.

37. Before January of 2016, neither BESA nor Mr. Schenck required Shannon or the SSPs to keep any records of the weekly hours they worked. BESA did not provide a time keeping device for its employees to use, nor did BESA or Mr. Schenck require the plaintiffs to prepare records of time worked for the defendants' maintenance or use.

38. Neither BESA nor Mr. Schenck have in their custody, possession, or control the complete employee payroll records, required by the Act and its Ohio counterpart, for Shannon or the SSPs, for the three years preceding Shannon's discharge on January 18, 2016.

39. Shannon and the SSPs' work duties did not exempt them from the minimum wage or overtime protection of the Act, or its Ohio counterpart.

40. Neither BESA nor Mr. Schenck took lawful, required deductions from the wages they paid to the plaintiffs for unemployment insurance, payroll taxes, Medicare, Social Security payments, or any other customary, lawful withholdings.

41. Neither BESA nor Mr. Schenck paid to the authorities the employer portion of lawful deductions and payroll taxes that it should have paid on behalf of the plaintiffs.

### FIRST CLAIM FOR RELIEF: FAILURE TO PAY MINIMUM WAGES AND OVERTIME AS REQUIRED BY THE FEDERAL FAIR LABOR STANDARDS ACT

42. Shannon incorporates each and every allegation set forth in the foregoing paragraphs as though fully rewritten herein.

43. BESA's and Mr. Schenck's violations of the Act were made with their willful disregard for their statutory obligations as employers to pay minimum wages and overtime wages to their employees.

44. As a result of BESA's and Mr. Schenck's unlawful conduct, Shannon and the SSPs all suffered a loss of wages and benefits.

45. As a result of the defendants' willful failure to pay minimum wages, overtime and other statutory payments to Shannon and the SSPs, the defendants now owe unpaid regular and overtime wages as required under 29 U.S.C. §§ 206 and 207 in an amount to be determined at the trial of this action, plus liquidated damages in the same amount as the back wages, plus benefit payments, plus the plaintiffs' costs and reasonable attorney fees.

## SECOND CLAIM FOR RELIEF: FAILURE TO PAY OVERTIME IN VIOLATION OF THE OHIO REVISED CODE

46. Shannon incorporates each and every allegation set forth in the foregoing paragraphs as though fully rewritten herein.

47. At all times during their employment Shannon and the SSPs were "employees" and BESA and Mr. Schenck were "employers" as those terms are defined by the Ohio Constitution, and by reference thereto in Ohio Revised Code §4111.02, and in §4111.03.

48. Through the actions alleged above, BESA and Mr. Schenck failed and/or refused to pay Shannon and the SSPs their lawful overtime wages, in violation of Ohio Revised Code Section 4111.03.

49. BESA's and Mr. Schenck's failure to pay lawful wages was with willful disregard for the rights and obligations imposed by Ohio Revised Code Section 4111.03.

50. As a result of BESA's and Mr. Schenck's unlawful conduct, Shannon and the SSPs suffered a loss of wages and benefits.

51. As a result of BESA's and Mr. Schenck's conduct, they owe Shannon and the SSPs unpaid overtime wages in an amount which is currently not ascertainable, but which will be determined at the trial of this matter, along with the costs of this action, as well as their reasonable attorney's fees.

## THIRD CLAIM FOR RELIEF: FAILURE TO PAY SEMI-MONTHLY WAGES

52. Shannon incorporates each and every allegation set forth in the foregoing paragraphs as though fully rewritten herein.

53. The Defendants failed to pay Shannon wages she earned in December by the end of January 2016. The Defendants failed to pay Shannon wages she earned in January by the end of February, 2016.

54. There is no contest or dispute over the amounts due to Shannon for wages she earned in December 2015, and January 2016, no court order stopping the payment, nor is there any claim or counterclaim Defendants may assert to account for their non-payment of wages to Shannon.

55. As a result of the Defendants' failure to promptly pay wages, Shannon is entitled to the wages and to liquidated damages for each month that the Defendants have failed to pay the uncontested wages.

## FOURTH CLAIM FOR RELIEF: FAILURE TO PAY FRINGE BENEFITS

56. Shannon incorporates each and every allegation set forth in the foregoing paragraphs as though fully rewritten herein.

57. BESA and Mr. Schenck had a statutory duty under ORC §4113.15(C) to pay wages and fringe benefits to Shannon and SSPs and to make employer funded contributions to payroll taxes, Medicare and Social Security accounts for all of them.

58. BESA and Mr. Schenck negligently or recklessly failed to withhold and/or pay employee and employer contributions to the plaintiffs' payroll tax accounts, and their Medicare and Social Security accounts.

59. Shannon and SSPs may now be subject to payroll tax interest and penalties to be determined, and their Social Security accounts have not grown as they would have had BESA and Mr. Schenck lawfully paid into them.

60. As a direct and proximate result of BESA's and Mr. Schenck's reckless or negligent failure to pay employer and employee withholdings to the tax authorities and to Medicare and Social Security, Shannon and the SSPs have been economically injured in an amount to be determined at trial.

61. Shannon and the SSPs seek an Order directing BESA and Mr. Schenck, jointly and severally, pay the calculated employee payroll taxes, Social Security contributions and other lawful employer contributions to the state and federal taxing authorities, and to Medicare and Social Security in an amount that should have been paid on wages the plaintiffs earned, and should have earned, in the three years preceding the filing date of this complaint.

62. In addition to the foregoing relief, Shannon and the SSPs are entitled to interest, compensatory and punitive damages, their attorney's fees, and the costs of litigating this action.

## FIFTH CLAIM FOR RELIEF: FOR RECOVERY OF UNLAWFUL KICKBACKS

63. Shannon incorporates each and every allegation set forth in the foregoing paragraphs as though fully rewritten herein.

64. BESA and Mr. Schenck willfully and knowingly deducted a percentage from each payment to Shannon and the SSPs.

65. This deducted percentage was nominated as "rent" on each check.

66. This "rent" charge was an unlawful kickback to BESA and Mr. Schenck and Shannon and the SSPs are entitled to recover every such "rent" deduction made against their pay over the three year period preceding the filing date of this complaint.

67. Shannon and the SSP's are also entitled to liquidated damages in the same amount as these unlawful kickbacks, their costs of this litigation and their attorney's fees.

## COLLECTIVE ACTION

68. Except for the allegations in paragraphs 32-36 and 52-55, that are specific to Shannon, all the other facts and claims alleged in this Complaint apply equally to all the SSPs. All the SSPs were similarly damaged by the actions of the Defendants, and are all entitled to notice of this lawsuit under 29 USC 216(b), and to collectively recover injunctive relief, compensatory and punitive damages, back wage damages, liquidated damages, their reasonable attorney's fees and the costs of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, the named Plaintiff Shannon Schenck, for herself and the SSPs, pray this Court for the following relief:

a. Judgment for Shannon and the SSPs jointly and severally against BESA and Mr. Schenck on their unpaid wage and unlawful deduction claims under the Fair Labor Standards Act;

b. Judgment for Shannon and the SSPs jointly and severally against BESA and Mr. Schenck on their respective claims under Ohio Revised Code Sections 4111.02, 4111.03, and 4113.15;

c. Judgment for Shannon and the SSPs jointly and severally against BESA and Mr. Schenck on their failure to pay fringe benefits claim;

d. Judgement for Shannon against BESA and Mr. Schenck jointly and severally, on her claim for unpaid commission wages for December, 2015 through January, 2016;

e. Judgment for Shannon and the SSPs against BESA and Mr. Schenck, jointly and severally, in the amount of unpaid minimum and overtime wages, all to be determined at trial, plus liquidated damages in the same amount as the unpaid overtime and minimum wages;

f.  An injunction from the Court ordering BESA and Mr. Schenck to pay all back payroll taxes, employer Medicare contributions, employer and employee Social Security contributions and any other payroll tax or withholding amounts that BESA and Mr. Schenck failed to pay for Shannon and all the SSPs, the amount to be determined at trial;

g.  An order directing BESA and Mr. Schenck jointly and severally to pay Shannon and the SSPs liquidated damages and interest, plus compensatory and punitive damages to be determined at trial, for their negligent or reckless failure to pay fringe benefits;

h.  An order directing BESA and Mr. Schenck to pay Shannon and the SSPs' reasonable attorney's fees and litigation costs incurred bring all the claims herein; and

i.  Any other relief this Court deems just and proper.

Respectfully submitted,

_____
James P. Langendorf (S.Ct. 0068807)
1081 North University Boulevard
Suite A
Middletown, Ohio 45042
(513) 705-4104
Fax (513) 705-4106 .
Email: JamesPLang@aol.com
Attorney for Plaintiffs