## SETTLEMENT AGREEMENT AND GENERAL RELEASE

Schenck v. B.E. Schenck & Assocs., LLC and Bruce E. Schenck

This **SETTLEMENT AGREEMENT AND GENERAL RELEASE** ("Agreement") is entered into by and between **SHANNON SCHENCK** ("SHANNON"), on the one hand, and **B.E. SCHENCK & ASSOCIATES, LLC** ("BESA") AND **BRUCE SCHENCK** ("Bruce"), on the other hand. BESA and Bruce are collectively referred to as Defendants.

## PART 1
## RECITALS

**1.1 THE CIVIL ACTION.** Shannon filed a civil action in the United States District Court in the Southern District of Ohio, (the "Court"), styled *Schenck v. B.E. Schenck & Assoc., LLC et al.,* Case No. 3:16-cv-0179 (hereafter, the "Civil Action").

**1.2 THE CLAIMS.** Shannon claimed that under the Fair Labor Standards Act ("FLSA"), Ohio Revised Code, or any of them, she is entitled to additional compensation and/or unpaid compensation from Defendants for work done through January 2016 ("Disputed Payments"), as well as court costs and fees. Defendants dispute Shannon's claims, claim that Shannon was properly paid everything that she was due, and deny that any additional compensation or other damages are due.

**1.3 PURPOSE.** Shannon and Defendants desire to avoid further litigation costs and to settle all of Shannon's claims alleged in the Civil Action, as well as any and all claims and disputes, known and unknown, that exist or might be claimed to exist by Shannon against the Released Parties (*see* Part 3.1), including, but not limited to, claims of any nature that have been, or could have been, asserted that arise out of or relate to Shannon's work, terms and conditions of work, separation from that work or any other event, transaction, or communication between Shannon and Defendants or Shannon and all other Released Parties.

**NOW, THEREFORE,** the Parties agree as follows:

## PART 2
## SETTLEMENT TERMS

**2.1 SETTLEMENT BENEFIT.** In consideration of the promises made by Shannon in this Agreement:

**2.1.1** Defendants agree to pay $25,000.00 as follows: (1) to Shannon the sum of $13,009.00; and (2) to Shannon's legal counsel, James Langendorf, the sum of $11,991.00. Defendants shall report the payments on 1099-MISC statements paid in calendar year 2016. Defendants shall report payment of the Settlement Benefit to Shannon and Shannon's legal counsel to the U.S. Internal Revenue Service**.**

**2.1.2** Defendants agree to provide Shannon with copies of the following seven (7) appraisals: (1) #151064, 7.902 Acres Lincolnshire Drive; (2) #150574, 4485 Gibson Drive; (3) #150178, 109 North Main Street, Suite 800; (4) #150989, 1450 Wilmington Avenue; (5) #150766, 4801 Salem Avenue; (6) #150656, 17 North Allison Avenue; and (7) #150962, 987 Alkaline Springs Road.   Shannon agrees to properly redact such appraisals in accordance with any applicable ethical rules prior to disclosing them to any third party.

*SS*

**SETTLEMENT AGREEMENT AND GENERAL RELEASE**

Schenck v. B.E. Schenck & Assocs., LLC and Bruce E. Schenck

**2.1.3**  The foregoing constitutes the "Settlement Benefit," none of which Shannon or her legal counsel would be entitled to receive but for this Agreement and which is provided solely in consideration for a dismissal of the Civil Action and a release and waiver of all claims.  The Settlement Benefit shall be paid on the schedule set forth in Part 2.1.2.1.

**2.1.2.1** Within seven (7) days following the Effective Date of this Agreement (*see* Part 2.3), Defendants shall make the payment described in Part 2.1.1 and provide the appraisals identified in Part 2.1.2.

**2.2**   **COSTS AND FEES.**  Shannon shall not be considered a prevailing party for any purpose, including attorneys' fees under any applicable statute or otherwise.  However, the Parties agree that the sum paid to Shannon's legal counsel pursuant to this Agreement does not detract from Shannon's recovery and would constitute reasonable attorneys' fees and costs incurred by Shannon in this litigation.  Other than the payment to Shannon's legal counsel, each party will pay its own costs and fees.

**2.3**   **EFFECTIVE DATE.**  Shannon's signing of this Agreement shall constitute her execution of this Agreement.  Except as otherwise provided herein, the "Effective Date" of this Agreement shall be the date on which the Court approves this Agreement by way of an order.

**PART 3**
**RELEASES**

**3.1**   **GENERAL RELEASE BY SHANNON.**  In consideration of the Settlement Benefit, the sufficiency of which Shannon acknowledges, Shannon hereby settles, waives, releases, and discharges any and all legal and equitable claims, demands, actions, or causes of action, known or unknown, which Shannon has or may have against Defendants and Defendants' relatives, subsidiaries, affiliates, divisions, related corporations, limited liability corporations, partnerships, insurers, successor and predecessor entities, and each of their respective current and former employees, directors, officers, shareholders, partners, members, agents, attorneys, contractors, and representatives (collectively, all of the foregoing constitute the "Released Parties"), including, but not limited to, all claims alleged in the Civil Action and all claims arising from or relating to Shannon's work with Defendants, the terms and conditions of that work, including compensation, Shannon's separation from that work, and any other event, transaction, or communication of any type regarding any matter between or concerning Shannon and any Released Party.

**3.1.1**  Shannon hereby forever releases, acquits, holds harmless, and discharges the Released Parties from any and all claims, demands, actions, causes of action, obligations, damages, penalties, costs and expenses (including attorneys' fees and legal costs beyond the amount paid to Shannon's legal counsel in Part 2.1.1), known or unknown, contingent or otherwise, whether specifically mentioned or not, that Shannon now has or has had or which might be claimed to exist at or prior to the Effective Date of this Agreement (*see* Part 2.3).

**3.1.2**  Shannon expressly acknowledges and agrees that this General Release settles, waives, releases, and discharges any and all legal and equitable claims, demands, actions, and

SS

**SETTLEMENT AGREEMENT AND GENERAL RELEASE**

Schenck v. B.E. Schenck & Assocs., LLC and Bruce E. Schenck

causes of action, known or unknown, that Shannon has or may have against any current or former employee, director, officer, shareholder, partner, member, agent, attorney, contractor, or representative of Defendants in such person's individual and representative capacities. Shannon expressly acknowledges that, by signing this Agreement, she may be giving up claims, demands, or causes of action that she may now have, whether known or unknown.

     **3.1.3** This General Release includes, but is not limited to, the release of any and all claims or charges that Shannon has, or could have, filed against any and all of the Released Parties with any federal, state or local court of law or equity, the United States Equal Employment Opportunity Commission, the United States Department of Labor, the Ohio Bureau of Labor and Worker Safety, the Ohio Civil Rights Commission, or any other federal, state or local agency under: Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*; the Civil Rights Act of 1991, P.L. 102-166; the Civil Rights Act of 1866, 42 U.S.C. § 1981; the Civil Rights Act of 1871, 42 U.S.C. § 1983; the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*; the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.*; the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.*; the Federal Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.*; the Equal Pay Act of 1963, 29 U.S.C. §§ 206(d) and 216(b); the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621-634, as amended by the Older Workers' Benefit Protection Act, P.L. 101-433; the Worker Adjustment and Retraining Notification Act of 1988, 29 U.S.C. § 2101, *et seq.*; the Consolidated Omnibus Budget Reconciliation Act of 1985; the Occupational Safety and Health Act, 29 U.S.C. §§ 651-678; the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301, *et seq.*; the National Labor Relations Act, 29 U.S.C. § 151, *et seq.*; the Labor Management Relations Act, 29 U.S.C. §141, *et seq.*; the Ohio Civil Rights Act, R.C. § 4112.01, *et seq.*; the Ohio Minimum Fair Wage Standards Act, R.C. § 4111.01, *et seq.*; Article II, Section 34a of Ohio's Constitution; Ohio's Workers' Compensation Retaliation statute, R.C. § 4123.90; the Ohio Occupational Safety and Health Act, R.C. § 4123.90, *et seq.*; federal, state and local occupational, safety and health laws; and any other claims of employment discrimination, disparate treatment, hostile work environment, sexual, racial or other unlawful harassment, retaliation, whistle-blowing, intentional or negligent infliction of emotional distress, defamation, invasion of privacy, tortious interference with contractual relations, wrongful discharge, constructive discharge, outrage, promissory estoppel, claims or demands arising under either express or implied contract, breach of contract, tort, public policy, the common law or any federal, state or local statute, ordinance, regulation or constitutional provision (including, but not limited to, the laws of the State of Ohio), and all other liabilities, suits, union or other grievances, debts, claims for lost wages or benefits, overtime, unpaid wages or benefits, back pay, front pay, compensatory or punitive damages, actual damages, consequential damages, incidental damages, damages for emotional distress, damages for humiliation or embarrassment, contractual damages, penalties, damages in *quantum meruit*, expectation or for detrimental reliance, injunctive relief, severance pay, costs, reinstatement, attorneys' fees, business expenses, commissions, bonuses, incentive compensation, vacation pay, pension benefits, payment or reimbursement under any health insurance or other employee benefit plan or agreement, insurance premiums or other sums of money, grievances, expenses, demands, and controversies of every kind and description, whether liquidated or unliquidated, known or unknown, contingent or otherwise and whether specifically mentioned or not, against any and all Released Parties that Shannon now has or has had or that may exist or that might be claimed to exist at or

SS

**SETTLEMENT AGREEMENT AND GENERAL RELEASE**

Schenck v. B.E. Schenck & Assocs., LLC and Bruce E. Schenck

prior to the Effective Date of this Agreement (*see* Part 2.3). Shannon specifically waives any claim or right to assert that any cause of action, alleged cause of action, claim, demand, charge, or other right of Shannon has been, through design, oversight, or error, intentionally or unintentionally, omitted from this Agreement.

**3.1.4** With respect to any rights that Shannon may have or have had under the FLSA, R.C. Chapter 4111 and 4113, the Ohio Constitution, or any of them, Shannon acknowledges and avers that she has received all compensation to which she is or may have ever been entitled, including all commissions and/or regular and overtime wages, and that in order to avoid further litigation expenses over the Disputed Payments, Defendants have now paid such Disputed Payments to her and is in full compliance with those and all other laws regarding her work with Defendants.

**3.1.5** In consideration of the Dismissal and Release of Claims and Additional Shannon Promises (*see* Part 4), the sufficiency of which Defendants acknowledge, Shannon hereby settles, waives, releases, and discharges any and all legal and equitable claims, demands, actions, or causes of action, known or unknown, including, but not limited to, all claims arising from or relating to Shannon's work with Defendants, the terms and conditions of that work, Shannon's separation from that work and any other event, transaction, or communication of any type regarding any matter between or concerning Shannon and any Released Party.

**3.2** **GENERAL RELEASE BY DEFENDANTS.** Defendants hereby forever release, acquit, hold harmless, and discharge Shannon from any and all claims, demands, actions, causes of action, obligations, damages, penalties, costs and expenses (including attorneys' fees and legal costs), known or unknown, contingent or otherwise, whether specifically mentioned or not, excepting those for Shannon's intentional acts or omissions, that Defendants now have or have had or which might be claimed to exist at or prior to the Effective Date of this Agreement. Defendants expressly acknowledge that, by signing this Agreement, they may be giving up some claim, demand, or cause of action that it may now have, whether known or unknown.

**PART 4**
**ADDITIONAL SHANNON PROMISES**

**4.1** **SHANNON'S REPRESENTATIONS.** Shannon represents and certifies that, with the exception of the Civil Action, *Schenck v. B.E. Schenck & Assoc., LLC et al.,* Case No. 3:16-cv-0179, Shannon has not filed or otherwise initiated any complaint, charge, or other action against any Released Party in any local, state, or federal court, or with any local, state, or federal administrative agency or board, relating to any event occurring prior to or on the Effective Date of this Agreement. In exchange for the Settlement Benefit, Shannon makes the promises contained in this PART 4.

**4.2** **DISMISSAL OF CLAIMS**. Shannon will after the Effective Date of this Agreement dismiss with prejudice the Civil Action, Case No. 3:16-cv-0179 and any other litigation against any and all of the Released Parties, if any such litigation has been filed, and agree not to file any litigation against any of the Released Parties on her or anyone else's behalf for any claims existing as of the date of her execution of this Agreement. Shannon's counsel will provide to

*SS*

**SETTLEMENT AGREEMENT AND GENERAL RELEASE**

Schenck v. B.E. Schenck & Assocs., LLC and Bruce E. Schenck

Defendants' counsel a Notice of Dismissal with Prejudice of the Civil Action, Case No. 3:16-cv-0179 which Defendants' counsel is authorized to file with the Court upon the final payment of the Settlement Benefit.

    **4.3**    **COMPLETE RELEASE**. It is the specific intent and purpose of this Agreement to release and discharge the Released Parties from liability for any and all claims, employment discrimination charges, retaliation claims, and causes of action of every kind and nature whatsoever, whether known or unknown and whether or not specifically mentioned herein, which may exist or might be claimed to exist against the Released Parties at or prior to the Effective Date of this Agreement, and Shannon specifically waives any claim or right to assert that any cause of action or alleged cause of action or charge has been, through design, oversight, or error, intentionally or unintentionally, omitted from this Agreement.

    **4.3.1** Shannon expressly agrees that this Agreement shall extend and apply to all unknown, unsuspected, and unanticipated injuries and damages, as well as to those that are known, suspected, anticipated, or disclosed as of the Effective Date of this Agreement. Shannon expressly agrees that any and all facts, circumstances, and events occurring prior to the Effective Date of this Agreement cannot and shall not be used by Shannon as part of any future proceeding against the Released Parties.

    **4.3.2**   **NO REINSTATEMENT OR REAPPLICATION**. Shannon agrees not to attempt to procure work or seek reinstatement with the Released Parties at any time, now or in the future, either as an employee, an independent contractor or in any other capacity.

    **4.4**    **NON-ADMISSION**. Shannon agrees that this Agreement is entered into solely for the purpose of compromising and settling her claims and as a full and final settlement of any and all claims, demands, actions, and causes of action, known or unknown, which she has or may have against the Released Parties. Shannon further acknowledges and agrees that this Agreement is not and shall not be construed in any manner as an admission of any liability or obligation on the part of any and all Released Parties of any policy or local, state or federal common or statutory law, or as evidence of any violation of or non-compliance with any statute or law. Shannon further agrees that this Agreement and any and all communications relating to it are inadmissible by Shannon in any legal proceeding brought by or on behalf of her.

    **4.5**    **CLAIMS NOT ASSIGNABLE**. Shannon represents and warrants that no person other than Shannon is authorized or entitled to assert any claim based on or arising out of any alleged discriminatory, unlawful, wrongful, tortious, or other conduct toward Shannon by any and all Released Parties, including, but not limited to, any and all claims for attorneys' fees or damages resulting from or based upon, or seeking relief on account of, any act or omission by any and all Released Parties that may have occurred or failed to occur prior to Shannon's execution of this Agreement. Shannon agrees that she has not assigned and shall never assign any such claim, and that in the event any such claim is filed or prosecuted by any other person or entity, Shannon will cooperate fully with the Released Parties and will move immediately to withdraw Shannon's name and to disassociate Shannon's self completely from such claim, will request such person or entity to withdraw such claim with prejudice and will not voluntarily cooperate with or testify on behalf of the person or entity prosecuting such claim.

SS

**SETTLEMENT AGREEMENT AND GENERAL RELEASE**

Schenck v. B.E. Schenck & Assocs., LLC and Bruce E. Schenck

# PART 5
# MISCELLANEOUS PROVISIONS

**5.1 RECORD RETENTION.** Defendants expressly acknowledge and agree to abide by the Record Keeping Rule in the Uniform Standards of Professional Appraisal Practice as it relates to the retention of any and all of Shannon's workfiles in Defendants' custody or control.

**5.2 NON-DISPARAGEMENT.** The Parties agree not to disparage any other Party to this Agreement, including, but not limited to, making any derogatory statements regarding any other Party to third parties related to the subject matter of the Civil Action. This obligation is a material term of this Agreement.

**5.3 FUTURE APPRAISALS.** Defendants agree not to reference or include Shannon's name in any future appraisals.

**5.4 NO TAX ADVICE.** No tax advice has been offered or given by either Party in the course of the negotiations of this settlement and each Party is relying on the advice of his, her or its own tax consultant with regard to any tax consequences that may arise as a result of the execution of this Agreement.

**5.5 LEGAL RIGHTS; SEVERABILITY**.  This Agreement shall be binding on and inure to the benefit of the Parties' legal representatives, heirs, successors, and assigns, and shall inure to the benefit of all Released Parties.  The Parties and the Released Parties shall have all of the rights and remedies available at law and equity to enforce their respective rights under this Agreement.  No action by either Party shall be taken as a waiver of its right to insist that the other Party abide by the obligations under this Agreement, unless such waiver is in writing, expressly waives such rights, and is signed by legal counsel for the Party making such waiver.  Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the validity of the remaining parts, terms, or provisions shall not be affected thereby and any illegal, invalid, or unenforceable part, term, or provision shall be deemed not to be a part of this Agreement.  In such event, the Parties agree that such court may impose any lesser restrictions it finds appropriate to protect the interests of Shannon and the Released Parties.

**5.6 CHOICE OF LAW.**  This Agreement is made and entered into in the State of Ohio, and shall in all respects be interpreted, enforced, and governed by the laws of the State of Ohio. The language of all parts of this Agreement shall in all cases be interpreted as a whole, according to its fair meaning, and not strictly for or against any of the Parties.

**5.7 CHOICE OF FORUM**.  Shannon and Defendants agree that the United States District Court for the Southern District of Ohio shall retain subject matter and personal jurisdiction with respect to any claim or controversy arising out of or relating to this Agreement, and the Parties agree to waive any argument of lack of subject matter or personal jurisdiction, or *forum non-conveniens,* or improper venue.

**5.8 ENTIRE AGREEMENT**.  This Agreement constitutes and sets forth the entire agreement between the Parties and supersedes any and all prior and contemporaneous oral or

*SS*

**SETTLEMENT AGREEMENT AND GENERAL RELEASE**

Schenck v. B.E. Schenck & Assocs., LLC and Bruce E. Schenck

written agreements or understandings between them.  The Parties agree that no representation, promise, inducement, or statement of intention has been made by another that is not expressly set forth in this Agreement.  No Parties to this Agreement shall be bound by, or liable for, any alleged representation, promise, inducement, or statement of intention not expressly set forth in this Agreement.  This Agreement cannot be amended, modified, or supplemented in any respect, except by a subsequent written agreement signed by all Parties.

     **5.8.1**   **JUDICIAL APPROVAL AND RETAINED JURISDICTION.**  The effectiveness of this Agreement is contingent upon the Court's granting of the Parties' Joint Motion for Approval of the Settlement Agreement.  The Court shall retain jurisdiction over the Agreement.

     **5.9**   **INDEPENDENT LEGAL ADVICE.**  Shannon and Defendants acknowledge that each has read this Agreement carefully and in its entirety, that respective counsel have reviewed it and advised them about it, that they fully understand its terms, and that they freely, voluntarily and knowingly enter into it without any coercion, undue influence, or intimidation of any kind.

     **5.10**   **COUNTERPARTS.** This Agreement may be executed in three (3) counterparts.  Each counterpart may serve as the original Agreement.

     **5.11**   **ATTORNEYS OF RECORD**.  For the purposes of this Agreement, the attorneys of record are:

> **For Shannon**
> James P. Langendorf, Esq.
> Langendorf Law Firm
> 1081 N. University Blvd., Suite A
> Middletown, Ohio 45042
> Tel: 513.705.4104
> Fax: 513.705.4106
> Email: jamesplang@aol.com
>
>
> **For Defendants**
> Lowell T. Woods, Jr. Esq.
> Taft Stettinius & Hollister LLP
> 40 North Main Street, Suite 1700
> Dayton, Ohio 45423-1029
> Tel: 937.228.2838
> Fax: 937.228.2816
> Email: woods@taftlaw.com

SS

**SETTLEMENT AGREEMENT AND GENERAL RELEASE**

Schenck v. B.E. Schenck & Assocs., LLC and Bruce E. Schenck

IN WITNESS WHEREOF, the parties hereunto have caused this Settlement Agreement to be duly executed this _____ day of _____ 2016.

| **Shannon Schenck** | **B.E. Schenck & Assocs., LLC** |
|---|---|
| *Shannon Schenck* | *Bruce E. Schenck* |
| Date: June 30, 2016 | By Its: Owner |
| | Date: 06/30/2016 |
| | **Bruce Schenck** |
| | *Bruce E. Schenck* |
| | Date: 06/30/2016 |

8